UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2012 NOV 23 P 2: 32

U.S. DISTRICT COURT
DISTRICT OF MASS.

STEPHEN D. SIRABELLA )
)
) CIVIL ACTION
v. )
) No. _____
)
COALITION TO ADVANCE )
THE PROTECTION OF SPORTS )
LOGOS dba CAPS )

## COMPLAINT

### Parties

1. The plaintiff is a resident of Boston, Suffolk, Massachusetts, and a citizen of the United States.

2. The defendant, Coalition to Advance the Protection of Sports Logos, is a company with its principal place of business in Coeur d'Alene, Kootenai, Idaho.

### Jurisdiction

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

4. This Court has personal jurisdiction over Defendant as it has conducted business via the Internet and the mail with Plaintiff in this district.

5. Venue is proper in this district as Plaintiff resides and is engaged in business, and Defendant has been engaging, and will continue to engage, in business within this judicial district.

**Background Facts**

6. On October 12, 2012, Defendant transmitted a letter via email and through the regular post to Plaintiff alleging infringement of Defendant's members' trademarks. A copy of the letter is attached as Exhibit 1.

7. Defendant specifically alleges that Defendant represents owners of names and logos owned and/or licensed by various sports enterprises ("CAPS Members"), and that these names and logos are protected under various United States Federal Trademark Registrations ("CAPS Member Marks").

8. Defendant specifically alleges that Plaintiff has been using one or more CAPS Member Marks in violation of CAPS Members' rights.

9. Plaintiff has been doing business through the website sports1stop.com and as eBay user sports1stop-us, that offers commemorative sports championship rings that are made to resemble rings that are awarded to members of championship sports organizations. The rings feature stylized versions of the CAPS Member Marks.

10. Upon information and belief, none of the CAPS Members offer for sale to the public any similar commemorative rings.

11. Plaintiff's website and listings on eBay.com clearly and unequivocally state that the rings being sold by Plaintiff, which are made of inexpensive materials, are not the actual rings given to members of the winning teams, which feature rare and expensive gems, such as diamonds.

12. As the logos owned by the CAPS Members are not used exclusively to identify the source of a good or service, but rather serve also to identify the team in a generic way, Plaintiff's offering of sports championship rings for sale to the public does not dilute the selling power of the CAPS Members Marks.

## FIRST CLAIM FOR RELIEF
## DECLARATORY RELIEF OF NON-INFRINGEMENT OF TRADEMARK

13. Plaintiff realleges and incorporates by reference all prior allegations as though fully stated herein.

14. Plaintiff disputes the allegation that Plaintiff's actions constitute infringement of any trademark rights allegedly owned by Defendant's members.

15. Plaintiff alleges that any products sold or distributed by Plaintiff do not violate any trademark rights allegedly owned by Defendant's members.

## SECOND CLAIM FOR RELIEF
## PRELIMINARY AND PERMANENT INJUNCTION

16. Plaintiff realleges and incorporates by reference all prior allegations as though fully stated herein.

17. Defendant has sent threatening letters intended to interfere with Plaintiff's business.

18. Defendant has successfully interfered with Plaintiff's business by contacting eBay.com to demand that the site remove Plaintiff's listings.

19. As Plaintiff's actions do not constitute a violation of Defendant's members' trademark rights, such actions by Defendant are in violation of Plaintiff's rights.

20. Plaintiff alleges he is entitled to an immediate and permanent injunction precluding Defendant from interfering with his business.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. Plaintiff be granted a declaratory judgment of non-infringement of trademark with respect to Defendant's allegations of trademark infringement;

2. Plaintiff be granted an immediate and permanent injunction preventing Defendant from interfering with Plaintiff's business; and

3. Any other remedy this Court determines is just.

4. The plaintiff demands a trial by jury.

Signed: _____
Stephen D. Sirabella
35 Northampton Street #1001
Boston, MA  02118
(617) 437-9001